UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

INDIAN HARBOR INSURANCE COMPANY,

              Plaintiff,

-against-

SNA CONTRACTING CORPORATION,

              Defendant.

----------------------------------------------------------------- X

04 CV 5336 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

By order dated March 15, 2005, the court exercised its discretion to decline jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), in the above-captioned matter. See Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003) ("Courts have consistently interpreted this permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear."). On March 28, 2005, plaintiff moved for reconsideration pursuant to Fed. R. Civ. P. 60(b). Having reconsidered the matter, the court finds it appropriate to exercise jurisdiction under the Declaratory Judgment Act.

As a preliminary matter, the court adopts the reasoning in Richards v. Select Ins. Co., 40 F.Supp.2d 163 (S.D.N.Y. 1999), and Hartford Fire Ins. Co. v. Mitlof, 123 F.Supp.2d 762 (S.D.N.Y. 2000), that N.Y. Ins. Law § 3420 is substantive in nature and that the New York Court of Appeals, were it to consider the matter, would not allow an injured third party to intervene in a declaratory action initiated by an insurer. 123 F.Supp. 2d at 769-70; cf. Land v.

1

Hanover Ins. Co., 3 N.Y.3d 350 (2004) (holding that an injured party who has not obtained a judgment against a tortfeasor may not bring a declaratory judgment against the insurance company). Having thus determined that the claimant in the underlying state court tort action could not intervene in the instant action, the court concludes that by refusing to exercise jurisdiction it would, at most, relegate plaintiff to present its claim in other lawsuits in state court. Plaintiff has submitted to the court a declaration swearing that SNA Contracting Corporation ("SNA"), the insured party, is one of four defendants in the underlying suit and is a nominal defendant. Declaration of Cyril E. Smith ¶ 5. The declaration further indicates that SNA's failure to comply with court orders in the state court suit has resulted in the court precluding SNA from offering any testimony at trial. Id. ¶ 6. Defendant has not appeared in the instant action, and the court is thus compelled to find that plaintiff has demonstrated a failure to cooperate on defendant's part that relieves plaintiff of its contractual obligation to defend or indemnify defendant in the underlying state court action. This court has no basis to believe that a state court, either in a declaratory action or in a direct action against plaintiff following a judgment against SNA, would reach a different conclusion. As a result, the court grants a default judgment against defendant SNA declaring that SNA's failure to cooperate in the defense of the underlying action bars coverage under the insurance policy.

The Clerk of the Court is directed to reopen the case and to enter judgment accordingly.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: May 18, 2005
       Brooklyn, New York

SERVICE LIST:

<u>Attorney for Plaintiff</u>
Aidan M. McCormack
Nixon Peabody LLP
437 Madison Ave.
New York, NY 10002

Cyril E. Smith
Nixon Peabody LLP
437 Madison Ave.
New York, NY 10002

<u>Defendant</u>
SNA Contracting Corporation